## GALLO v. McANDREWS.

*District Court, S. D. New York.* January 8, 1887.

1. CHARTER-PARTY—CHARTERER TO ENTER VESSEL—LIQUIDATED DAMAGES.

Where the act for which damages are stipulated or estimated, by the contract, is one calculated to produce injury, and the damages are of a nature not susceptible of easy proof, the amount stipulated will be given, if not clearly unreasonable.

2. SAME—CASE STATED.

The bark I. G. was chartered to the respondents from Smyrna to New York, the charter providing that the vessel should be "entered at New York. by the respondent's agents, or, on default thereof, the owner should pay £20 estimated damages." On arrival at New York, the captain did not report to the charterer's agents at once, nor until the day after the vessel had been reported to other agents, and entered by them at the custom-house. *Held,* that the stipulation was a reasonable one, in view of the liability to injury to the charterers through delay in reporting the vessel at once, on arrival; and that the stipulated damages should be allowed without further proof of specific damage than the delay of one day.

In Admiralty.

*Ullo, Kuebsamen, & Hubbe,* for libelant.

*Wilcox, Adams & Macklin,* for respondent.

BROWN, J. The libel in this case was filed to recover the sum of $133.54, part of the charter money due on the charter of the bark Idea G., from Smyrna to New York, by which the libelant stipulated that his vessel, on arrival at New York, "should be entered by the respondent's agents, or, in default thereof, that the libelant would pay £20 estimated damages." The respondent offered to pay the freight, but claimed to offset the £20 under the stipulation of the charter-party, because the master had not first reported his vessel to the respondent, as he was bound to do, in order that the respondent might enter the vessel, or direct her entry, at the custom-house according to the stipulation.

The term "estimated damages" is equivalent to the words "liquidated damages," more frequently found in contracts. Upon such a stipulation, where the act for which the damages are given is one that is calculated to produce injury to the plaintiff, and does so, and the damages are of a nature not susceptible of easy proof, the settled law is to enforce payment according to the contract, if not clearly unreasonable. *Nielson* v. *Read,* 12 Fed. Rep. 441. The object of the clause in this case was shown to be to prevent the delays and the losses to the charterer's business, and the claims for demurrage or damages which often arise from the failure to report the vessel promptly to the consignees or their agents on arrival. The agreement was in this case plainly violated. The master reported first to his own agents, and the vessel was already entered by them at the custom-house a day before any report of her was made to the respondent, as agreed; and, though the latter saw in the newspaper a report of her arrival, they had no knowledge where she was. This delay of at least one day is presumptive proof of damage, though

no specific damage was proved, or evidence offered to show it. No further proof of damage was, in my judgment, necessary. The stipulation is a lawful one. The amount fixed upon by the charter as the estimated damage on default, viz., some $97, is not unreasonable, and less than might often arise, and the agreement must therefore be enforced as it stands.

Decree for the amount of freight, deducting the £20, without costs.